IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RONNIE LYMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:13-cv-187 (CAR) |
| | : | |
| MIKE BRETT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT

Before the Court is Defendant Mike Brett's Motion for Entry of Final Judgment [Doc. 21] pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) permits a district court to enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In deciding whether to certify a partial final judgment, "[a] district court must follow a two-step analysis[.]"[1] "First, the court must first determine whether its final judgment is, in fact, both 'final' and a 'judgment.'"[2] "Second, having found that the decision was a final judgment, the district court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable."[3] Certification of a partial judgment is only appropriate in "unusual case[s]," and district courts are "counseled … to exercise the

---

[1] *Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).
[2] *Id.*
[3] *Id.* at 778 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

limited discretion afforded by Rule 54(b) conservatively."[4]

In this case, the Court's February 27, 2014 Order, which dismissed all claims against Defendant Brett, was unquestionably a final judgment for purposes of Rule 54(b).[5] However, balancing the judicial administrative interests and relevant equitable concerns, the Court is unaware of any reason why a certification of partial judgment would be proper. Defendant Brett has not presented a "pressing need[] … for an early and separate judgment" or otherwise demonstrated that the instant action is unusual and therefore appropriate for partial judgment.[6] Rather, he simply asserts that "there is no reason to delay entry of a final judgment[.]"[7] This single conclusory statement is not sufficient to overcome "the historic federal policy against piecemeal appeals."[8] Accordingly, Defendant Brett's Motion for Entry of Final Judgment [Doc. 21] is hereby **DENIED**.

**SO ORDERED,** this 21st day of April, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[4] *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).
[5] *See Lloyd Noland Foundation, Inc.*, 483 F.3d at 779 (stating that a judgment that dismisses a party entirely is final).
[6] *See Ebrahimi*, 114 F.3d at 166; *Wright v. Langford*, No. 5:10-CV-272 (CAR), 2012 WL 2989602, at *2-3 (M.D. Ga. July 20, 2012).
[7] [Doc. 21, p. 3].
[8] *Ebrahimi*, 144 F.3d at 166; *Lloyd Noland Foundation, Inc.*, 483 F.3d at 778.